UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| MIDWEST INVESTMENT PARTNERS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 3:14-cv-38-WGH-SEB |
| STANDARD METALS PROCESSING, INC., | ) ) ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before me, William G. Hussmann, Jr., United States Magistrate Judge, on Defendant Standard Metal Processing, Inc.'s Motion for Summary Judgment ([Filing No. 31](#)), the parties' consent ([Filing No. 21](#)), and Judge Barker's Order of Reference ([Filing No. 22](#)).  The motion is fully briefed. (*See* [Filing No. 32](#); [Filing No. 35](#); [Filing No. 37](#).)  Having considered the Motion, the parties' submissions, and relevant law, and being duly advised, I hereby **GRANT** the Motion.

I.   **Summary Judgment Standard**

A court must grant summary judgment on a claim or defense "where the admissible evidence shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." [*Bunn v. Khoury Enters., Inc.*, 753 F.3d 676, 681 (7th Cir. 2014)](#); [Fed. R. Civ. P. 56(a)](#).  A fact is "material" if it "might affect the outcome of the suit under the

governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a factual dispute is "genuine"—precluding summary judgment—"only when the evidence could support a reasonable jury's verdict for the non-moving party." *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 650 (7th Cir. 2011).

The movant "bears an initial burden of proving there is 'no material question of fact with respect to an essential element of the non-moving party's case.'" *MMG Fin. Corp. v. Midwest Amusements Park, LLC*, 630 F.3d 651, 657 (7th Cir. 2011) (quoting *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1137 (7th Cir. 2009)). That burden is formidable, and courts should exercise caution in granting summary judgment. *See Anderson*, 477 U.S. at 255. If the movant succeeds, the nonmovant then must present "evidence raising a genuine issue of material fact." *MMG Fin. Corp.*, 630 F.3d at 657. The nonmovant need not "clearly prove" his case to avoid summary judgment; he can survive by raising evidence of specific facts that would "permit" a jury to decide in his favor. *Williams v. City of Chicago*, 733 F.3d 749, 760 (7th Cir. 2013).

"At summary judgment a court may not assess the credibility of witnesses, choose between competing inferences or balance the relative weight of conflicting evidence; it must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party." *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005) (citing *Anderson*, 477 U.S. at 255). Effectively, the movant asks "the court to apply the law to only the [nonmovant]'s version" of the events. *See*

*Norris v. Bain,* No. 1:04-cv-1545-DFH-TAB, 2006 WL 753131, at *1 (S.D. Ind. Mar. 21, 2006).

## II. Facts and Procedural History

Plaintiff Midwest Investment Partners, LLC purchased stock in Defendant Standard Metals Processing, Inc. on August 18, 2011. (Filing No. 1-2 at ¶ 6; Filing No. 14 at ¶ 6.) Midwest explains that its purchase was exempt from registration with the Securities and Exchange Commission. (*See* Filing No. 1-2 at ¶ 7.) But, because the sale was not registered, Standard issued Midwest's stock certificate with a "restrictive legend" printed on the back. (Filing No. 1-2 at ¶¶ 8–9; Filing No. 14 at ¶ 9.)

The legend explains that the shares represented by the certificate "have not been registered" because they were "acquired for investment and without a view to their distribution . . . ." (Filing No. 1-2 at ¶ 9; Filing No. 14 at ¶ 9.) The legend further states that the shares may not be resold until one of two criteria is met. First, the parties may register the shares under the Securities Act. (Filing No. 1-2 at ¶ 9; Filing No. 14 at ¶ 9.) Or, second, Standard must be satisfied—based on the opinion of an attorney—that the resale is exempt from registration. (Filing No. 1-2 at ¶ 9; Filing No. 14 at ¶ 9.)

By late 2013, Midwest sought to sell its shares in Standard. Believing it qualified to resell its shares without registration, Midwest asked Standard to issue a new certificate with no restrictive legend. Standard initially was amenable to that plan, but it subsequently communicated to Midwest that its broker refused to issue a new certificate without a letter from an attorney

3

opining that Midwest was entitled to resell without restriction. (*See* Filing No. 35-2 at ECF p. 1; Filing No. 32-1 at ECF p. 1.) Standard also communicated that it could not issue an opinion letter because Standard would have to "make certain representations about Midwest Investment Partners, which Standard . . . cannot do under the circumstances." (*See* Filing No. 32-1 at ECF p. 1.)

Standard invited Midwest to seek an opinion letter from a qualified attorney and furnished a template. (*See* Filing No. 35-2 at ECF p. 1; Filing No. 32-1 at ECF pp. 1–3.) The parties have continued to exchange correspondence about securing an opinion letter (*see* Filing No. 35-3 at ECF pp. 1–6), but Midwest has not yet presented one to Standard.

On March 17, 2014, Midwest initiated this lawsuit. (*See* Filing No. 1-2 at ECF p. 3.) Midwest asks the Court to enjoin Standard "to issue new stock certificates without any transfer restriction" based on Indiana Code § 26-1-8.1-401. (*See* *id.* at ¶¶ 14–15.) Midwest also seeks damages on the theory that Standard's refusal to issue new certificates robbed Midwest of the opportunity to sell its shares at a higher price than it could take now. (*See* *id.* at ¶¶ 17–18.)

Standard has moved for summary judgment, arguing that Midwest's case has been undone by its failure to present an opinion letter.

## III.  Discussion

Indiana Code § 26-1-8.1-401 obligates the issuer "of a certificated security in registered form" to register a transfer of the security on request of the holder if seven criteria are satisfied. Because the matter is before the Court on diversity jurisdiction (*see* Filing No. 1 at ¶ 1), I must determine how the

4

Indiana Supreme Court would apply this statute. *NES Rentals Holdings, Inc. v. Steine Cold Storage, Inc.*, 714 F.3d 449, 452 (7th Cir. 2013). Unfortunately, application of this provision is not well-developed. No Indiana appellate opinion cites the statute. Alas, I stand in the unenviable position of guessing how the Indiana Supreme Court would resolve this matter by looking to decisions from other jurisdictions, the parties' submissions, and my own sense of the statute.

The statute's language presents no indication that it was designed to offer the relief Midwest seeks. Section 26-1-8.1-401 decrees that, if certain criteria are satisfied, "the issuer shall register the transfer . . . ." Under the legend's terms, Midwest could sell its shares if it registered the transaction, and the statute seems to present a vehicle for compelling Standard to register the transaction. But Midwest does not seek to compel Standard to register a sale; it seeks to compel Standard to issue a new, unrestricted certificate.

If Indiana's legislature aimed to create a judicial forum for compelling removal of restrictive legends, it very simply could have included that language in the statute or drafted a separate provision to that effect. By the time Indiana enacted § 26-1-8.1-401 in 1995, this issue had been litigated in other jurisdictions. *See Bender v. Memory Metals, Inc.*, 514 A.2d 1109, 1115 (Del. Ch. 1986). But neither the language of the statute nor the identical, corresponding section of the Uniform Commercial Code—nor the official comments to either—addresses anything but registration of transactions. *See* Ind. Code § 26-1-8.1-401; U.C.C. § 8-401 (1994).

5

As Midwest notes, a Delaware court applying an analogous statutory provision has held otherwise. To view the statute as dealing exclusively with registration, that court opined, "ignores the realities of the securities transfer process." *Bender*, 514 A.2d at 1115. Because issuance of an unrestricted certificate "is normally the essential first step" in any transfer of stock, "it is reasonable to construe the term 'register the transfer' . . . to include those ministerial acts that normally accompany such registration, including, where applicable, the issuance of a new certificate." *Id.* Accord. *Clancy Sys. Int'l, Inc. v. Salazar*, 177 P.3d 1235, 1237–39 (Colo. 2008).

Even so, I decline to compel Standard to issue a clean certificate under § 26-1-8.1-401. Neither the Indiana legislature nor the framers of the UCC cared to address restrictive legends in their statutes or reference *Bender* in their official comments. And, even if *Bender*'s reasoning is sound, its application would become thorny. The statute compels an issuer to register a transfer only if the "transfer is in fact rightful or is to a protected purchaser." Ind. Code § 26-1-8.1-401(a)(7). And without an opinion letter, an issuer would seem to lack any basis for concluding that a transfer would rightly comply with securities regulations.

I understand the opinion-letter requirement to be a commonly-employed safeguard designed to limit the issuer's liability by enabling the issuer to confirm that transfers of its stock will conform to registration regulations. It would seem curious, then, to interpret § 26-1-8.1-401 as creating a judicial forum to fulfill what easily could be accomplished between the parties. It

6

seems the more efficient system would be to compel removal of the legend only after the shareholder has presented a valid opinion letter and the issuer still refuses to issue clean certificates—and then on a breach of contract theory instead of under § 26-1-8.1-401.[1]  Midwests's argument that the legend has become unnecessary because Midwest now qualifies for an exemption illustrates this point:  Without an opinion letter, Standard has no way of knowing that Midwest has qualified for an exemption and mooted the legend.

I credit Midwest's sound argument that Standard has waived its affirmative defense of unclean hands—Standard's lone defense on summary judgment—by failing to cite the defense in its Answer as required by Federal Rule of Civil Procedure 8(c)(1).[2]  But summary judgment remains appropriate even under these strange circumstances.  I find that only two factual questions here are material: whether the restrictive legend calls for production of an opinion letter, and whether an opinion letter has been produced.[3]  And Midwest neither challenges the contents of the legend nor asserts that it has

---

[1] Midwest argues that Standard should be compelled to issue new certificates because it reneged on its original promise to do so.  (*See* Filing No. 35 at ECF pp. 10–12.)  But this argument is irrelevant because Midwest seeks relief under the statute and not for breach of a contract.

[2] Standard cites Seventh Circuit precedent stating very plainly that unclean hands is a doctrine barring equitable relief, not an affirmative defense that must be pled.  *See Bell & Howell Co. v. Bliss*, 262 F. 131, 135 (7th Cir. 1919).  But that decision predates enactment of the Federal Rules, and subsequent decisions have identified unclean hands as an affirmative defense.  *See, e.g.*, *Wilk v. Am. Med. Ass'n*, 719 F.2d 207, 232 (7th Cir. 1983).

[3] I also acknowledge Midwest's argument that Standard relies on an e-mail that has not been authenticated and therefore would be inadmissible.  Although the e-mails the parties have submitted provide context for the dispute, they are not proof of either material factual question, so their inadmissibility is not dispositive.

7

produced an opinion letter.  Neither material fact is disputed, and—because the statute under which Midwest seeks relief cannot provide it—Standard is entitled to judgment as a matter of law on both counts.

IV. **Conclusion**

For the foregoing reasons, I **GRANT** Standard's Motion.

This result does not leave Midwest without a remedy:  It may present Standard a letter from an attorney opining that resale would be exempt from registration.  Standard would appear obliged by the terms of the legend to remove the restriction upon receipt of an appropriate letter.  In a subsequent action for breach of contract which might be brought after tendering an opinion letter, a court certainly would scrutinize whether Standard has acted in good faith in refusing to remove the restriction.

**SO ORDERED** this 11th day of February, 2015.

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Served electronically on all ECF-registered counsel of record.**